UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 6:21-CV-1616

KEYLA C. DOMINGUEZ,
For herself and others similarly situated,

       Plaintiff(s),

vs.

MORE THAN INSURANCE, INC,
SELECT INSURANCE GROUP, INC., and
DONI A. VAZQUEZ,

       Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
## FOR FLSA OVERTIME WAGE VIOLATION(S)

       Plaintiff, Keyla C. Dominguez, on behalf of herself and others similarly situated, sues Defendants, More Than Insurance, Inc, Select Insurance Group, Inc., and Doni A. Vazquez, as follows:

### *Parties, Jurisdiction, and Venue*

       1.    **Plaintiff, Keyla C. Dominguez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

       2.    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

       3.    Plaintiff was a non-exempt employee of Defendants.

       4.    Plaintiff consents to participate in this lawsuit.

1

5.      **Defendant, More Than Insurance, Inc**, is a for profit Florida corporation that is *sui juris* and has operated its insurance agency here, in Orange County, Florida, at all times material.

6.      **Defendant, Select Insurance Group, Inc.**, is a for profit Florida corporation that is *sui juris* and has operated its insurance agency here, in Orange County, Florida, at all times material.

7.      **Defendant, Doni A. Vazquez**, was and is an owner, operator, officer, director, and/or managing member of the corporate Defendants for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff and others similarly situated, and was partially or totally responsible for paying Plaintiff's wages and the wages of those similarly situated. Defendant, Doni A. Vazquez, is a resident of Orange County, Florida.

8.      Defendants were Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

9.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

10.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain/lease real property within this District, employed Plaintiff and others similarly situated in this District, and because most of the actions complained of occurring within this District.

11.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

145 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

### *Background Facts*

12.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of automobile and health insurance in interstate commerce.

14.     Defendants marketed, promoted, brokered, and sold automobile insurance by and on behalf of insurers while using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also moved through interstate commerce prior to Defendants' use of same.

15.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16.     Defendants regularly and routinely utilize phones, cellular phones, and computer software that was created outside of the State of Florida to conduct their business.

17.     Defendants also regularly and routinely engage in interstate commerce in the course of their submission of payments and receipt of funds exchanged in interstate commerce.

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

145 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19.     Although only Select Insurance Group, Inc. paid Plaintiff, she performed work on behalf of and that benefitted both Select Insurance Group, Inc. and More Than Insurance, Inc.

20.     Select Insurance Group, Inc. and More Than Insurance, Inc. utilized a shared/common workforce, operated out of the same address, exercised common control over employees and operations (including personnel decisions), and managed that workforce through a shared/common management nucleus.

21.     Defendants jointly employed Plaintiff at all times material to this action.

22.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her marketing and selling automobile insurance products involving companies and persons located inside and outside of the State of Florida while regularly, recurrently, and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

23.     Plaintiff would regularly and routinely receive obtain payment information from persons located inside and outside of the State of Florida in the form of credit cards and banking information that involve the transmission of information across state lines involving financial institutions located inside and outside of the State of Florida.

### *Liability*

24.     Plaintiff worked for Defendants from to approximately Jan. 31, 2019 to January 4, 2021 as an insurance agent.

25.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

26.     Defendants paid Plaintiff on an hourly basis of $11/hour.

4

27.     Defendants also paid Plaintiff with non-discretionary commissions / bonuses of $15 for each new line of business and policy that she sold.

28.     The FLSA required, at 29 C.F.R. §778.117, Defendants to include the non-discretionary commissions / bonuses that Plaintiff earned when calculating her regular rate of pay.

29.     Defendants paid Plaintiff an overtime rate of $16.50 per hour, which rate was based exclusively on her hourly rate of pay.

30.     Defendants failed and refused to pay Plaintiff at the proper rate of time and one-half of her regular rate(s) of pay that included the non-discretionary commissions / bonuses she earned for all hours worked over 40 hours in a workweek.

31.     Upon information and belief, Defendants failed to pay overtime and failed to comply with the FLSA to minimize their labor costs and to maximize their profits.

32.     Defendants maintained records or were required to maintain records of the times that Plaintiff started and stopped working each day, the pay that she received, and the commissions that she earned.

### *Collective Action Allegations*

33.     During the past three years, Defendants employed more than 20 insurance agents.

34.     Defendants paid their insurance agent hourly wages in addition to commissions / non-discretionary bonuses based on their production.

35.     Defendants failed and refused to pay Plaintiff and their other similarly situated insurance agents who worked more than 40 hours in a workweek an overtime rate of pay that was one and one-half times their regular rate(s) of pay that included the commissions / non-discretionary bonuses.

5

36.     Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly-situated individuals who are part of the following class:

> All persons who were by employed by or engaged by More Than Insurance, Inc, Select Insurance Group, Inc., and Doni A. Vazquez, or who were otherwise employed or engaged by More Than Insurance, Inc, Select Insurance Group, Inc., and Doni A. Vazquez, in the position of "insurance agent" and/or in any substantially similar position, who were paid on an hourly basis and who received non-discretionary commissions / bonuses, at any time during the three years prior and up through the filing of this Complaint.

37.     These individuals are referred to as the "FLSA Class", the "Collective", or "FLSA Class Members."

38.     The purported Collective includes the "insurance agents" who worked for Defendants during the past three years, who worked more than 40 hours in a workweek, who earned commissions / non-discretionary bonuses, who received non-discretionary commissions / bonuses, but whose overtime rate(s) of pay did not take into account the commissions / non-discretionary bonuses they earned, and who were subject to the same pay practices as Plaintiff.

39.     Defendants agreed to pay Plaintiff and the other similarly situated current and former employees of Defendants an hourly rate of pay plus commissions / non-discretionary bonuses.

40.     Plaintiff performed the same type of work under the same procedures, rules, and regulations as a class Defendants' other similarly situated insurance agents.

41.     The class of similarly situated "insurance agents" employed by Defendants who may become Plaintiffs in this action are current and formerly employed "insurance agents" who are and who were subject to the same payroll practices and procedures of Defendants as Plaintiff.

42.     Defendants have records identify their "insurance agents", the hours that they worked, the hourly pay that they received for their work, the non-discretionary commissions /

6

bonuses earned, the non-discretionary commissions / bonuses paid, and the overtime rate(s) actually paid to the Collective.

43.     The class of similarly situated "insurance agents" employed by Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to, those presented by Plaintiffs.

44.     The similarly situated employees are known to Defendants and can be located through Defendants' records.

45.     Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

46.     Collective action treatment of Plaintiff's FLSA claim is appropriate because Plaintiff and the FLSA Class were subjected to the common business practices referenced in this complaint, and the success of Plaintiff's FLSA overtime claim depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices resulted in their failing to properly compensate the FLSA Class at the appropriate overtime rate for each of the overtime hours worked by each person.

47.     Defendants engaged in a practice of willfully and intentionally refusing to pay Plaintiff and the class of similarly situated insurance agents at the proper overtime rate for all of the hours that they worked during the relevant time period by not including their commissions / non-discretionary bonuses in their regular rate(s) of pay.

48.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiffs and their other similarly situated insurance agents at the correct overtime rate for each of the hours worked beyond 40 hours in each workweek during the relevant time period violated the FLSA and then failed to timely correct their violation.

145 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

49.     Plaintiff and the class of their other similarly situated "insurance agents" are entitled to a back pay award comprised of the difference between the documented overtime wages paid to each for all hours worked beyond 40 in a workweek and the proper amount of overtime wages that should have been paid to each that included the commissions / non-discretionary bonuses in the regular rate(s) of pay (and therefore the overtime pay), plus an amount equal to the unpaid/underpaid overtime wages as liquidated damages, plus all attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE Plaintiff, Keyla C. Dominguez, demands the entry of a judgment in her favor and against Defendants, More Than Insurance, Inc, Select Insurance Group, Inc., and Doni A. Vazquez, jointly and severally, after trial by jury and as follows:

a.  Designating this action as a collective action by Keyla C. Dominguez on behalf of the Collective she represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b.  Designating Plaintiff as the representative for the Collective;

c.  Designating the undersigned as counsel for the Collective;

d.  Awarding Plaintiff and the Collective compensatory unpaid/underpaid overtime wages and an additional equal amount as liquidated damages, as provided under the law and in 29 U.S.C. § 216(b);

e.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f.  Issuing an injunction prohibiting Defendants from continued to engage in the unlawful practices, policies and patterns set forth herein;

g.  Awarding pre-judgment and post-judgment interest as provided by law;

145 SAN LORENZO AVENUE, SUITE 770, CORAL GABLES, FLORIDA 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

       h.        Awarding reasonable attorneys' fees and costs;

       i.         Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA; and

       j.         Awarding such other and further relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Keyla C. Dominguez, demands a trial by jury of all issues so triable.

Respectfully submitted this <u>30th</u> day of September 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

145 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*