# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KEYLA C. DOMINGUEZ,**

      **Plaintiff,**

v.                                                Case No: 6:21-cv-1616-CEM-EJK

**MORE THAN INSURANCE, INC.,**
**SELECT INSURANCE GROUP,**
**INC., and DONI A. VAZQUEZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Joint Motion to Reopen Case and Approve Settlement (the "Motion"), filed December 23, 2021. (Doc. 15.) On January 4, 2022, the Court granted the Motion in part, to the extent that the case was reopened, and referred the remainder of the Motion to the undersigned. (Doc. 19.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**

On September 30, 2021, Plaintiff Kayla C. Dominguez, on behalf of herself and others similarly situated, initiated the instant action against Defendants More Than Insurance, Inc., Select Insurance Group, Inc., and Doni A. Vazquez, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Plaintiff worked for Defendants from approximately January 31, 2019 to January 4, 2021, as an insurance agent. (*Id.* ¶ 24.) Plaintiff alleges that Defendants paid her $11 per hour

and an overtime rate of $16.50 per hour, but that they also paid "non-discretionary commissions/bonuses" of $15 for each new line of business and policy Plaintiff sold. (*Id.* ¶¶ 26–27, 29.) Plaintiff argues that pursuant to 29 C.F.R. § 778.117, Defendants were required to include the non-discretionary commissions that Plaintiff earned when calculating her regular rate of pay, and that Defendants' failure to do so violated the FLSA. (*Id.* ¶¶ 28, 30–31.) Plaintiff makes the same allegations on behalf of other, similarly situated insurance agents. (*Id.* ¶¶ 33–39.) Since the filing of the Complaint, Plaintiff filed three notices of consent to join by Alay Amador, Maiceliza Martinez, and Yulisan Rojas Viera. (Docs. 5–7.)

Defendants oppose these claims. (Doc. 15 ¶ 2.) However, the parties have negotiated a compromise and settlement of the claims and filed a motion seeking approval of the settlement agreement (the "Agreement"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 15-1.)

## II.  STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid

overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

- 3 -

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee, the "internal" factors, and whether the settlement frustrates the purpose of the FLSA, the "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

### III. DISCUSSION

#### A. The Settlement Amount

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages.").

According to the Agreement, Defendants have agreed to pay Plaintiff a total of $1,234.81 in unpaid overtime compensation and $1,234.81 in liquidated damages. (Doc. 15 ¶ 9.) The parties state the amount "represents a combined payment for all amounts alleged by Plaintiffs to be owed to them," and that it "represents no compromise between the fully liquidated amounts calculated by each of the parties." (*Id.*) While there is some authority that judicial approval of FLSA settlements is not mandated where no compromise is involved, *see Duncan v. Jim Fralin Const., Inc.*, No. 8:08-cv-779-T-33TBM, 2009 WL 910689, at *1 (M.D. Fla. Apr. 2, 2009), here, the undersigned notes that Defendants have raised a dispute regarding the calculation of Plaintiff's effective hourly rate and that the parties have sought judicial approval. As such, the undersigned finds the Agreement requires judicial approval.

Both parties are represented by counsel and agree the negotiated terms of the settlement represent a fair, reasonable, and just compromise of the disputed issues, in light of the desire to avoid the uncertainty and expense of further litigation. (*See* Doc.

15 ¶¶ 8, 11, 15.) Moreover, while the Settlement Agreement does include a release, discussed below, the release language makes clear that it is limited to those claims raised in this litigation and, as such, should not serve to make the settlement with respect to the FLSA issues unreasonable. Thus, I recommend a finding that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiff has not unfairly compromised her claim.

### B. Attorney's Fees

Plaintiff's attorney will receive $6,000.00 for fees and costs. (Doc. 15-1 ¶ 3.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face; therefore, further review is not required. (Doc. 15 ¶ 10); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

In return for payment, Plaintiff has agreed to the following release:

> This Agreement shall constitute a waiver and release of the claims for alleged overtime wages, liquidated damages, attorneys' fees and costs that Plaintiffs might have had under the FLSA against Defendants. . . . Plaintiffs hereby knowingly and voluntarily releases Defendants of and from all claims brought for overtime compensation under the Fair Labor Standards Act.

(the "FLSA Release") (Doc. 15-1 ¶ 2.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352. Furthermore, releases given to numerous unnamed individuals, collectively referred to as "Releasees," are insufficient where the parties are not identified. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement in part because the release extended to numerous unnamed individuals), *denied as moot by*, 2018 WL 1801207 (denying the R&R as moot due to the parties' subsequent filing of a renewed motion for settlement approval); *Schultz v. Tartini at Rock Springs Ridge, LLC*, No. 6:17-cv-815-Orl-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval in part because the motion did not address the breadth of the release given to defendants).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to his wage claim. *Pond v. Red Lambda, Inc.*, No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4808744, at *4 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted*, No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Batchelor v. Gen. Mar. Corp.*, No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016) (approving release where it was "limited to wage claims."). Furthermore, the parties to the FLSA Release are specifically identified. Therefore, because the release provision releases only Plaintiff's FLSA claims against Defendants and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

### D. Amendment Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties, makes specific reference to this Agreement, and is approved by an Order of the Court." (Doc. 15-1 ¶ 8.) Generally, approval of a settlement agreement with an amendment provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at

\*3 (M.D. Fla. Mar. 9, 2018). However, here, the Agreement specifies that any potential modification would require the Court's review and approval. As such, I find that the Amendment Provision is permissible and recommend that the Court approve the Agreement.

## IV.  RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT** the parties' Joint Motion to Reopen Case and Approve Settlement (Doc. 15);
2. **FIND** that the parties' agreement (Doc. 15-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;
3. **DISMISS** the case with prejudice; and
4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of**

**no objection.**

Recommended in Orlando, Florida on January 21, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE